**IN THE COURT OF APPEALS OF IOWA**

No. 25-0418
Filed May 7, 2025

**IN THE INTEREST OF A.C. and L.A.,**
**Minor Children,**

**F.C., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Mills County, David W. Brooks, Judge.

A mother appeals the juvenile court's order terminating her parental rights to her children. **AFFIRMED.**

J. Joseph Narmi, Council Bluffs, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Jennifer V. Mumm of Public Defender Office, Council Bluffs, attorney and guardian ad litem for minor children.

Kileigh C. Cerny of Public Defender Office, Council Bluffs, attorney for minor children.

Considered without oral argument by Tabor, P.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of both parents to their children born in 2019 and 2020. Only the mother appeals. She contends (1) the State failed to establish statutory grounds for terminating her rights, in part because the Iowa Department of Health and Human Services failed to make reasonable efforts to reunify her with her children; (2) termination is not in the children's best interests; and (3) a permissive exception to termination based on the closeness of the relationship between the mother and children should be applied to avoid termination of her rights. Our review is de novo, so we give weight to the juvenile court's fact findings, especially as to witness credibility, but we are not bound by them. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).

## I.      Statutory Grounds

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (*l*) (2024). When termination is based on more than one ground, we may affirm on any ground supported by the record. *In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021). We choose to focus on paragraph 232.116(1)(*l*), which provides alternative ways the ground can be satisfied. As relevant here, that paragraph permits termination when (1) the children have been adjudicated children in need of assistance and custody has been transferred from the child's parents for placement elsewhere; (2) the parent has a severe substance-use disorder as "evidenced by continued and repeated use through the case, the parent's refusal to obtain . . . treatment after given the opportunity to do so, and the parent presents a danger to self or others as evidenced by prior acts"; and (3) "[t]here is clear and convincing evidence that the parent's prognosis indicates

that the child[ren] will not be able to be returned to the custody of the parent within a reasonable period of time considering the child[ren]'s age[s] and need for a permanent home." Iowa Code § 232.116(1)(*l*).

Although the mother's petition on appeal does not identify what elements she contests as part of her challenge to termination under subparagraph (*l*), we interpret her petition as challenging only the third element. Accordingly, we do not discuss the first two elements.

As to the third element, the mother contends the State failed to establish that the children could not be returned to her custody within a reasonable period of time because she is "clean, sober, and still actively attending substance abuse treatment." We disagree with this assessment of the mother's situation. It is true that, in the six-month period leading to the termination trial, the mother tested negative for illegal substances. But during that time, the mother lived in the structured environment of a residential correctional facility (RCF) after she violated the terms of her probation on a child-endangerment charge to which she pleaded guilty after she exposed her children to methamphetamine. The evidence established that the mother is generally successful in staying away from illegal drugs when she is in a structured environment, such as the RCF. However, the evidence also establishes that she has not shown the ability to stay away from illegal drugs when she is not in a structured environment. The mother was unsuccessfully discharged from several treatment programs during the underlying child-in-need-of-assistance (CINA) proceedings. And after she successfully completed treatment programs, she relapsed every time. Given this history, we conclude there is clear and convincing evidence that the mother's prognosis is

such that the children will not be able to be returned to her custody within a reasonable period of time considering the children's ages and need for a permanent home. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting that when predicting what the future holds for children, we look to "evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing" (quoting *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000))). As a result, we reject the mother's challenge to the statutory grounds authorizing termination.[1]

## II.    Best Interests

In addition to proving a statutory ground for termination, the State must also prove that termination is in the children's best interests. *In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018). This step requires us to "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and

---

[1] The mother attempts to attack the statutory grounds by challenging whether the department made reasonable efforts toward reunification. *See In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2021) (recognizing "[t]he reasonable efforts requirement is not viewed as a strict substantive requirement of termination" but the "State must show reasonable efforts as part of its ultimate proof the child cannot be safely returned to the care of a parent" (citations omitted)). But a reasonable-efforts challenge must be raised to the juvenile court prior to the termination hearing. *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). The mother claims she raised such claims at CINA review hearings, but the record does not support her claim. So she has not preserved error. *See id.* Even if she had, she complains about the amount of visitation time she had with the children, which does not relate to the basis for termination under section 232.116(1)(*l*). To prevail on a reasonable-efforts challenge, the mother would need to show that the claimed deficiency is related to services that would eliminate the need for removal. *See In re I.T.*, No. 24-1209, 2024 WL 4620509, at *3 (Iowa Ct. App. Oct. 30, 2024) ("Additional services requested by a parent must relate to the ongoing need for removal and remedy that need.").

needs of the child[ren]." Iowa Code § 232.116(2).

The mother argues that termination is not in the children's best interests by relying on the preferences of the children. She points to coloring projects the children completed that asked them to fill in "thought bubbles." In her coloring project, the older child listed "Mom and Dad" as the most important people in her life, and she completed the prompt "I would like the judge to know: ____" by saying "I want to go home." In her coloring project, the younger child listed "Mom and Dad" as the most important people in her life.

The mother is correct that the preferences of the children are relevant considerations in the best-interests determination as it relates to whether the children are integrated into a foster family, but only if "the court determines that the child[ren] ha[ve] sufficient capacity to express a reasonable preference." *See* Iowa Code § 232.116(2)(b)(2). Here, the five- and four-year-old children do not have sufficient capacity to express a reasonable preference. Accordingly, we give little weight to the preferences expressed as part of their coloring projects.

We give significantly more weight to other evidence supporting the juvenile court's determination that termination is in the children's best interests. That evidence includes the fact that the mother has failed to overcome her substance-dependency issues outside a structured environment despite two years of services designed to help her do that. *See A.S.*, 906 N.W.2d at 474–75 (finding it in the child's best interest to terminate parental rights when the parent was given over a year of services but remained unable to care for the child on the parent's own). That evidence also includes the fact that the children are thriving in the care of their foster family, and the foster family desires to adopt the children. *See* Iowa

Code § 232.116(2)(b) (directing courts to consider, as part of the best-interests analysis, "whether the child has become integrated into the foster family" and "whether the foster family is able and willing to permanently integrate the child into the foster family"). Finally, that evidence includes the fact that by the time of the termination trial, the mother had still not progressed past fully supervised visits despite two years of services being provided. *In re L.H.*, 13 N.W.3d 627, 629 (Iowa Ct. App. 2024) ("[The parent] never progressed beyond fully-supervised visits, which also prevented an immediate return of custody."), *overruled on other grounds by In re L.A.*, No. 24-2086, 2025 WL 855764, at *3, __ N.W.3d ___, ___ (Iowa Ct. App. 2025).

Following our de novo review, we agree with the juvenile court that termination of the mother's parental rights is in the children's best interests. Accordingly, we reject her argument to the contrary.

## III. Permissive Exception

If the State proves a ground for termination and that termination is in the best interests of the children, Iowa law permits the court to deny termination based on one or more of the exceptions in section 232.116(3). The exceptions are permissive, not mandatory, and the parent seeking to avoid termination bears the burden of proving applicability of an exception. *A.S.*, 906 N.W.2d at 475–76.

Here, the mother relies on the exception in section 232.116(3)(c), which permits the court to deny termination upon the mother presenting "clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]." Following our de

novo review, we agree with the juvenile court that the mother failed to meet her burden of proof.

While the evidence firmly establishes there is a strong bond between the mother and both of the children and they love each other very much, the existence of a bond and love is not enough. *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (noting "the existence of a bond is not enough" to avoid termination under section 232.116(3)(c)); *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010) (noting the consideration when assessing the exception in section 232.116(3)(c) is not a parent's love for the child, but whether the child will be disadvantaged by termination). To apply this permissive exception, "[t]he law requires clear and convincing evidence that 'termination would be detrimental to the child at the time due to the closeness of the parent-child relationship[s]." *A.B.*, 956 N.W.2d at 169 (quoting section 232.116(3)(c)). The record does not contain this clear and convincing evidence. Like in most cases, there will undoubtedly be some heartache to the children by terminating their mother's parental rights, but our "consideration must center on whether the child[ren] will be disadvantaged by termination, and whether the disadvantage overcomes [the mother's] inability to provide for [the children's] developing needs." *See D.W.*, 791 N.W.2d at 709. Here, any disadvantage to the children in terminating the mother's rights is overcome by the mother's inability to meet the children's needs. The children's needs are being met in their foster home and terminating the mother's rights to free the children for adoption results in a net advantage to the children. So we do not apply the permissive exception.

**IV.    Conclusion**

Having rejected each of the mother's challenges to the juvenile court's order terminating her parental rights to the children, we affirm.

**AFFIRMED.**